A. C. GWYNNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34313. Promulgated February 17, 1931.

*Benjamin Mahler, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

TRAMMELL: The single issue to be determined in this proceeding is whether the petitioner is entitled to deduct under the provisions of section 214 (a) (5) of the Revenue Act of 1926, which is applicable to 1925, the amount of $9,500 as a loss sustained in the taxable year.

The respondent contends that the petitioner is not entitled to the deduction (1) for the reason that the new corporation was a reorganization of the old corporation and consequently no deductible

loss is recognized by the reorganization provisions of the statute, and (2) for the reason that the stock of the petitioner in the old corporation did not become worthless during the taxable year. The petitioner contends that the new corporation was not a reorganization of the old and that there is nothing in the reorganization provisions which prevents the loss from being deductible.

With respect to the deductibility of losses resulting from reorganizations, the Revenue Act of 1926 provides in part as follows:

SEC. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

(b) (1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment, or if common stock in a corporation is exchanged solely for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation.

(2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

(4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

\* \* \* \* \* \* \*

(h) As used in this section \* \* \*

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B), a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

(i) As used in this section the term "control" means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Conceding, for the sake of argument, contrary to what appears to be true, that the new corporation was a reorganization of the old, section 203 provides what classes of losses shall not be recognized. Examining the above quoted provisions of the section, we find that it is certain losses resulting from *exchanges* that are not to be recognized. In the instant case there was no exchange of any kind involved. The petitioner bought and paid cash for the stock he owned in the old corporation and acquired his stock in the new corporation in the same manner. The petitioner was not required to surrender the stock he held in the old corporation but continues to own it. The evidence shows that the new corporation purchased and paid cash in the amount of $1,200 for the furniture and certain other assets of the old corporation. There is nothing in the record to indicate that this was not the full value of such assets. There is nothing in the record to indicate any exchange of stock, securities or other property between the two corporations or between the petitioner and either or both of them. Some of the stockholders in the new corporation were permitted to acquire its common stock at a lower price per share than the other stockholders. The reason for this was to induce them to put money into the new corporation and not because some interest that they had in the old corporation had been transferred to the new. We think the first of the reasons advanced by the respondent in support of his contention is without support in the statute. Cf. *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401, and *Simon Jankowsky*, 18 B. T. A. 1039.

The respondent contends that the stock of the old corporation did not become worthless in 1925, while the petitioner contends that it did. In support of his contention the respondent relies on the fact that the old corporation was still carrying the license agreement on its books at approximately $250,000 at January 31, 1926. He argues that if the agreement had this value then the deficit of the corporation at that date was less than the amount of the common stock, therefore the value of the preferred stock was unimpaired since the corporation had assets of a greater value than the par value of its preferred stock. The license agreement was obtained by the old corporation without any cost other than the payment of the royalties provided therein. Although it was set up on the old corporation's books at a value of $250,000, the evidence clearly shows that with the passage of time it became apparent that it had very little if any value. Each year's operations under the agreement resulted in an increased deficit to the old corporation until in

1925 further loans could not be obtained. In our opinion the license agreement in 1925 had little if any value in excess of the royalties payable thereunder. The license agreement contained a forfeiture clause providing for its cancellation by the licensors if the payment of royalties became more than 90 days in arrears. Since in June, 1925, the old corporation owed royalties amounting to about $1,400 which were never paid, it is apparent that at the end of 1925 the old corporation did not even have the right to call the license agreement its own.

The old corporation appears to have been able to continue operations with some hope of success until the early part of 1925 when it was no longer able to obtain financial assistance. By the fall of 1925 it was hopelessly insolvent and by the end of the year it was doing no business other than liquidating its inventories, which in any event were not sufficient to pay the debts. Therefore, there was nothing for the stockholders. From a consideration of all of the evidence, we are of the opinion that the stock became worthless in 1925 and have so found as a fact. The petitioner is accordingly entitled to the deduction taken. See *Joslyn Manufacturing & Supply Co.*, 6 B. T. A. 749; *Henry Adamson*, 17 B. T. A. 17; *Floyd E. Poston et al.*, 17 B. T. A. 921; *Union C. DeFord*, 19 B. T. A. 339.

*Judgment will be entered under Rule 50.*